UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN M. MARTENS,

           Petitioner,

vs.                                  Case No.  2:08-cv-201-FtM-36SPC

WALTER A. MCNEIL; FLORIDA ATTORNEY
GENERAL,

           Respondents.
_____

**OPINION AND ORDER**

**I.**

Petitioner Stephen M. Martens, who is in the custody of the Secretary of the Florida Department of Corrections and is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 5, 2008, while Petitioner was incarcerated at Charlotte Correctional Institution[1] (Doc. #1, Petition).  The Petition challenges Petitioner's "continued retention on Close Management [for] 16 years."  Petition at 1.  According to the Petition, Petitioner has received 52 separate "false and malicious disciplinary reports" during a 16 year period, which has resulted in Petitioner's

---

[1]Although Petitioner is no longer at Charlotte and is confined at Century Correctional Institution, the Court retains jurisdiction over the instant Petition because jurisdiction attaches at the time the Petition is filed, and Petitioner's subsequent transfer does not destroy that jurisdiction.  *Jones v. Cunningham,* 371 U.S. 236, 243-44 (1963).

placement on Close Management status.² Petition at 1. In particular, Petitioner states that he was placed on close management at various points in time "from 1983-1993; 2000-2005; [and] 2006-2007." *Id.* The Petition identifies three grounds for relief:

1. Petitioner's 16 year placement in solitary [confinement] violates Petitioner's due process rights;

2. The Department's retention of Petitioner on close management violates Petitioner's due process rights by its failure to comply with FAC § 33-601.800(18)(e).³

3. The State habeas court failed to afford Petitioner due process.

*See generally Id.* As relief, Petitioner seeks release from the Florida Department of Corrections, and expungement of: (1) all criminal records; (2) the 52 disciplinary reports; and, (3) all close management records. *Id.* at 14.

---

²Close Management is defined as "the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." Fla. Admin. Code r. 33-601.800(1)(d)(2006). There are three levels to Close Management status, with CMI being the most restrictive and CMIII being the least restrictive. *Id.*, r. 33-601.101(1)(e).

³According to the Florida Administrative Code, "[t]he SCO [State Classification Office] shall conduct an onsite interview with each inmate at least once every six months or as often as necessary to determine if continuation, modification, or removal from close manage status is appropriate." Fla. Admin. Code r. 33-601.800(18)(e).

Respondents, the Secretary of the Florida Department of Corrections and the Florida Attorney General, contend, *inter alia*, that Petitioner has not exhausted his administrative remedies with respect to his claim; and, in the alternative that the Petition is moot. Response to Order to Show Cause and Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #8, Response) at 1-2. Respondents attach exhibits to their Response (Exhs. A-M). First, Respondents argue that the Petition attacks the conditions of Petitioner's confinement instead of the "legality or length of his confinement." Response at 3. In particular, Respondents assert that "Petitioner seeks release from Close Management status and return to the general prison population." *Id*. (footnotes omitted). As a result, Respondents argue that Petitioner raises a civil rights claim pursuant to 42 U.S.C. § 1983; and, because Petitioner has failed to exhaust his administrative remedies with respect to this claim, the instant action must be dismissed. *Id*. at 10. In the alternative, to the extent that the action is construed as a habeas corpus action, Respondents seek dismissal on the grounds of mootness. *Id*. at 18. In particular, the Respondents point out that contrary to Petitioner's assertion, he has not continuously been on close management status for 16 years, and indeed was no longer on close management at the time he initiated his State petition. *Id*. Consequently, Respondents argue that the Court should give deference to the Twentieth Judicial Circuit Court's finding of mootness, which

was affirmed on appeal, noting that Petitioner was released from Close Management status on January 26, 2007, well before he filed his State petition on March 28, 2007. *Id.* at 19.

Petitioner filed a Reply to the Respondents' Response (Doc. #29, Reply). This matter is ripe for review.

## II.

At the outset, the Court finds the instant action was filed pursuant to 28 U.S.C. § 2254, not pursuant to 42 U.S.C. § 1983.[4] A petitioner, when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "A state prisoner seeking federal habeas relief cannot raise a

---

[4]*See* April 10, 2008 Order of Court directing a response to the Petition (Doc. #5).

federal constitutional claim in federal court unless he first properly raised the issue in the state courts." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). *See also Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003), *cert. denied sub nom. Pruitt v. Hooks*, 543 U.S. 838 (2004). To properly exhaust a claim, a petitioner must present the *same* claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution is insufficient for purposes of exhaustion. *Anderson v. Harless*, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004)). Consequently, the grounds asserted for relief in the instant action are deemed exhausted only to the extent that Petitioner raised the grounds below.

### III.

In his State petition dated March 23, 2007, Petitioner challenged the fact of his January 17, 2007 placement on Close Management III status on the grounds that correctional officials violated his due process rights by failing to review his close management status within the sixty-day time limitation pursuant to

F.A.C. § 33-601.800(18)(e).[5]  On December 17, 2007, the State circuit court dismissed the State petition as moot finding that, at the time Petitioner filed his State petition, the Petitioner was no longer on Close Management status. Response, Exh. D.  The State appellate court denied Petitioner a writ of certiorari. *Id*., Exh. E.

Notably, nowhere does Petitioner allege in the instant Petition that any of the disciplinary actions resulted in a loss of gain time. *See generally* Petition.  Further, it is clear from the record that Petitioner was removed from close management on January 26, 2007. Response, Exh. A.  Thus, the Court agrees with Respondents that the Petition is due to be dismissed as moot.

Whether an action is moot is a jurisdictional matter, which implicates the Article III requirement necessitating that there be a live case or controversy. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1327 (11th Cir. 2004).  Mootness can occur due to a change in circumstances or a change in law. *Id.* at 1328.  The Eleventh Circuit has held that where a prisoner received only administrative segregation as punishment for a prison disciplinary report and he has completed the imposed term before he files his federal habeas petition, the petition is "moot when filed

---

[5]In particular, Petitioner argued below that correctional officials had failed to comply with the six month deadline because his status was reviewed 6 days beyond the six-month deadline. Response, Exh. A at exhibit 1.

and cannot be revived by collateral consequences." *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) (quoting *McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982)), *cert. denied*, 541 U.S. 1032 (2004). Petitioner was no longer on close management at the time he filed either the State petition or the instant Petition. Indeed, at the time he filed the instant Petition he was "housed in open population, and [was] assigned a job as an inside grounds worker." Response, Exh. M.

Petitioner's challenges to his previous placement on Close Management cannot be revived by collateral consequences, because he has failed to show that this placement on Close Management actually affected the length of his sentence. *Id.* Furthermore, the capable-of- repetition-but-evading-review exception is inapplicable in this case. The exception applies only in exceptional situations where the named party can make a reasonable showing that he will again be subjected to the same illegal action. *Medberry v. Crosby*, 135 Fed. Appx. 333, 334-35 (11th Cir. 2005)(citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Here, Petitioner holds the keys to remaining off Close Management status, to the extent that if he adheres to the Department's rules and regulations he will not be subjected to disciplinary action.

Moreover, the Court finds that Petitioner's contention that the Department's failure to strictly adhere to the 60-day time limitation does not necessarily state a viable habeas claim.

"[P]rocedural requirements set out in the regulation are not themselves constitutional mandates." *Magluta v. Samples*, 387 F.3d 1269, 1279 n. 7 (11th Cir. 2004); *See also*, *Sheley v. Dugger*, 833 F.3d 1420, 1426-27 (11th Cir. 1987)(looking at the process instead of the details of the regulations to determine adherence to minimum constitutional guarantees).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.   The Petition (Doc. #1) is **DISMISSED as moot.**

2.   The Clerk of the Court shall enter judgment accordingly and, close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 7th day of February, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record